IRVIN GOLDFARB and ANGELA GOLDFARB, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldfarb v. Commissioner
Docket No. 27529-88
United States Tax Court
T.C. Memo 1990-330; 1990 Tax Ct. Memo LEXIS 348; 60 T.C.M. (CCH) 17; T.C.M. (RIA) 90330; July 2, 1990, Filed *348 Decision will be entered under Rule 155. Bernard R. Fields, for the petitioners. Robert Saal, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION Respondent determined a deficiency of $ 5,319.00 in petitioners' income tax for the taxable year 1984. After concessions, the sole issue for decision is whether $ 1,610.00 of corporate expenditures in respect of a corporate automobile used by petitioners represents the repayment of a loan or a constructive dividend. All of the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated herein by reference. At the time of the filing of the petition, petitioners maintained their legal residence in South Orange, New Jersey. Petitioners timely filed a joint Federal income tax return for 1984 with the Internal Revenue Service Center, Holtsville, New York. Petitioner Irvin Goldfarb is the sole stockholder of Irvin Goldfarb MD PA (the corporation) and is employed by the corporation as a physician. Petitioner Angela Goldfarb is employed by the corporation as a bookkeeper and manager. For its taxable period ending April 30, 1984, the corporation *349 filed an income tax return with the Internal Revenue Service Center, Holtsville, New York. During 1984, no bookkeeping entries were made on the records of the corporation to reduce the "Loans from stockholders" account to reflect an allocation of the personal usage of an automobile. The expenses of and by the corporation in 1984 in connection with the personal use of an automobile by petitioners are as follows: Lease payments
$ 3,104
Repairs
41
Insurance
143
Gasoline
81
Total
$ 3,369
Petitioners concede that $ 1,759 of the above amount constitutes a a constructive dividend to them in 1984 [1] but contend that the remaining $ 1,610 represents the repayment of the balance of the "Loans from stockholders" account as of April 30, 1984. *350 A corporate expenditure may constitute a constructive dividend to a shareholder depending upon the extent to which such expenditure serves a business purpose of the corporation and/or confers an economic benefit on the shareholder without the expectation of repayment. Crosby v. United States, 496 F.2d 1384, 1388-1389 (5th Cir. 1974); Cirelli v. Commissioner, 82 T.C. 335, 351 (1984); see also Falsetti v. Commissioner, 85 T.C. 332, 356-357 (1985). Petitioners bear the burden of proof as to the character of the expenditures by the corporation. Rule 142(a), Tax Court Rules of Practice and Procedure; Falsetti v. Commissioner, supra at 356. The fact that this case has been submitted fully stipulated does not relieve petitioners of that burden. Service Bolt & Nut Co. Trust v. Commissioner, 78 T.C. 812, 819 (1982), affd. on other issues 724 F.2d 519 (6th Cir. 1983). Petitioners have failed to supply sufficient evidence reflecting the existence of a loan to the corporation. No loan documents have been made a part of the record. The only indication that a loan from the shareholder existed *351 is the listing of an account on the corporation's Federal income tax return, Schedule L -- Balance Sheet, for taxable period ending April 30, 1984, reflecting a liability for loans from stockholders in the amount of $ 1,610. Further, petitioners have failed to present any evidence to show that the expenditures were intended to constitute the repayment of a loan. In short, the record herein is totally lacking in objective evidence to demonstrate the economic reality of petitioners' position. See Gilbert v. Commissioner, 74 T.C. 60, 65 (1980). [2]
We hold that petitioners have failed to carry their burden of proof and that consequently the $ 1,610 constitutes a constructive dividend. To reflect concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. In their petition, petitioners alleged that any constructive dividend was received by them in 1983 not 1984. As the record indicates, they have not pursued this contention (they did not file a brief), and it is clear from the stipulation that they agree that any such dividend constitutes income in 1984.↩
2. Beam v. Commissioner, T.C. Memo. 1990-304↩.